### SCHACHNE v. BARNETT.

*(Superior Court of New York City, General Term.  May 5, 1890.)*

NEGLIGENCE—DANGEROUS PREMISES—EVIDENCE.

    In an action to recover for injuries sustained by plaintiff from the falling upon her of a stone slab, which had been placed upon the top fire-escape of a tenement owned and controlled by defendant, there was evidence that defendant had had actual notice of the position of the stone, and had neglected to remove it, although eight days before the accident the apartments, in front of which the fire-escape was, had been vacated, and defendant given full control over them; and that defendant's housekeeper, who had charge of the house generally, had seen the stone from 12 to 18 months in the same position.  *Held*, that motions to dismiss the complaint, and to direct a verdict for defendant, were properly denied.

Appeal from jury term.

Action by Fannie Schachne against Samuel Barnett.  There was a verdict for plaintiff.  From the judgment entered thereon defendant appeals.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Christopher Fine*, for appellant.  *Adolph Cohen*, for respondent.

FREEDMAN, J.  The plaintiff was lawfully walking along Ridge street, a public street in the city of New York, and passing the tenement house known as "No. 91 Ridge Street," and owned by the defendant, when a large stone or marble slab, which had been placed and had remained for some time upon the uppermost fire-escape on the front of the building, fell down, and struck her upon the head, and severely injured her.  The action was brought to recover damages for the injuries thus sustained.  The complaint alleged, and the answer by not denying admitted, that at the time in question, and for some time prior thereto, the defendant was the owner and had possession and control of the said premises, known as "No. 91 Ridge Street," with the fire-escapes attached thereto, and all the appurtenances thereunto belonging.  Notwithstanding this admission upon the record, the defendant now contends that the complaint should have been dismissed at the trial, because it was shown that he was not an actual occupant of the said building, or any part thereof, and because, not having been said occupant, he cannot be held liable for any misuse of the premises by any of his tenants.  This contention is not well founded, in view of the state of the evidence, even if the defendant could be permitted to deny the admission that he was in control.  True, there was no evidence that the fire-escapes were out of repair, or that the stone which fell was part of the building or fire-escape, or that the defendant put it upon the fire-escape from which it fell, or that he authorized anybody to put it there.  So it is also conceded that the premises consisted of a six-story building, with properly constructed fire-escapes in front thereof from the sixth to the second floor, and that some 26 families lived upon the premises.  There was an opening in the bottom of each fire-escape except the lowest, and through said openings a ladder ran in front of the building from the sixth to the second floor.  The top or uppermost fire-escape was the one on which the stone lay.  That fire-escape was in front of the two middle windows of the top floor, the right window belonging to apartments which had been occupied by a tenant named Seiler, and the left window belonging to apartments then occupied by a tenant named

Natowitch. The stone lay between the said two windows, and projected somewhat over the opening in the fire-escape. There was some testimony that some boys were playing or quarreling on that fire-escape, but the immediate cause of the fall of the stone was left uncertain. But the plaintiff showed that, when Seiler moved into his apartment, he found the stone in the position already described; that while he resided there he let the stone remain there; that when he moved he left it there; that Seiler vacated his apartments about eight days before the accident, and that the defendant rented them to another tenant after the accident; that in the mean time the premises were kept locked, and that the defendant had full control over them, and even had, through a conversation with another person on the premises, actual notice of the presence of the stone on the fire-escape, but neglected to remove it after such notice. And the plaintiff also gave proof that the defendant had a housekeeper on the premises, whose duty it was to keep the house in order, and to take charge of the house generally, and that the said housekeeper had seen the stone from a year to a year and a half in the same position. There was no evidence that the tenant Natowitch had anything to do with placing the stone on the fire-escape, or maintaining it there. In view of these facts, the trial judge properly refused to dismiss the complaint, or to direct a verdict for the defendant; for upon them, and the other evidence in the case, it was competent for the jury to find that the presence of the large stone or marble slab projecting over the opening in the fire-escape, in the manner it did, constituted, under all the circumstances, a standing menace to the safety of passers-by, of which the defendant had sufficient notice, and which he was bound to remove irrespective of any duty specifically cast upon him by section 26 of chapter 566 of the Laws of 1887, relating to the erection of fire-escapes, but which he failed to remove, notwithstanding the notice, and sufficient opportunity for the purpose. True, many of these facts were contradicted by the defendant, but that only created a conflict, and it was then for the jury to determine the conflict. The issues were submitted to the jury under a charge which fully and fairly guarded all the rights of the defendant, and were determined by them in favor of the plaintiff. The record discloses no exception which is tenable, and no sufficient reason appears why the verdict of the jury should be disturbed. The judgment and order should be affirmed, with costs. All concur.